[Crim. No. 8237. Fourth Dist., Div. One. Mar. 3, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC WILLIAM SALITTER, Defendant and Appellant.

## COUNSEL

Hagerstrom & Geller and James P. Hagerstrom for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Eric William Salitter appeals his conviction of possessing a controlled substance (Health & Saf. Code, § 11378) based upon his guilty plea entered after the court denied his motion to suppress evidence.

State Bureau of Narcotic Enforcement Agent John Meisner, working undercover, arranged a buy of 25,000 amphetamine pills for $1,300. One of the two sellers went to an intermediary who in turn went to a house on Rancho Hills Drive. About 20 minutes later defendant Salitter drove up to the house and carried a brown paper bag inside.

---

\*Before Brown (Gerald), P. J., Ault, J. and Cologne, J.

Three minutes later the intermediary left the house carrying a brown paper bag and drove away. Salitter left a little later and he was followed by officers to a house on Hopkins Street about a block and a half away.

The returning seller delivered the brown paper bag containing 25,000 amphetamine pills to Meisner who arranged another meeting to buy more pills. The two sellers were arrested at the later meeting and the intermediary was also arrested later.

There were a number of officers involved who had the participants to the transaction under surveillance and who were in radio communication with one another.

At issue in this appeal is what happened at the Hopkins Street address when Salitter was arrested. Narcotics Agent Fred Jones and Officer Ernie Lopez had both seen what appeared to be a transfer of the brown bag from Salitter to the intermediary at the Rancho Hills Drive house. They were informed that Agent Meisner had completed the purchase of 25,000 amphetamines which were contained in a brown bag. Agent Jones also said he knew the intermediary had met with the seller before the seller delivered the bag to Meisner.

At the preliminary hearing Jones said he was directed by Meisner to arrest Salitter. However, at the hearing on the motion to suppress, Jones could not recall Meisner telling him to make an arrest. Lopez said he intended to arrest Salitter because he thought he was involved in the sale of narcotics. Jones said his purpose was to further investigate when he went to the door of the Hopkins Street house.

Jones and Lopez went to the door. Jones knocked and a voice asked "Who is it?" Lopez answered "It's Ernie." Salitter opened the door, Jones smelled recently burned marijuana, announced he was a police officer and arrested Salitter. A search of Salitter disclosed $1,200 in state recorded bills. The other occupants of the house were also arrested.

Salitter argues Lopez' use of his given name in response to the query "Who is it?" constituted a subterfuge and ruse by which the officers gained entry. He argues that because Officer Jones did not intend to arrest Salitter when he approached the door, he did not subjectively believe he had probable cause to arrest.

Jones may not have intended an immediate arrest. This is not to say, however, he did not know and believe those facts which in this case establish probable cause to arrest. Jones said he believed a crime had been committed and held that belief as he approached the house. He articulated facts he knew which supported that belief. The fact an officer who has probable cause to arrest intends to investigate further before arresting does not vitiate his probable cause.

Since the officers had probable cause to arrest Salitter before they smelled marijuana when the door was opened, that probable cause was not vitiated by any police activity which may have prompted the opening of the door (*People* v. *Sanford,* 265 Cal.App.2d 960, 965-966 [71 Cal.Rptr. 790]).

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1976.