Filed 9/19/24  P. v. Vui CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SETA VUI,<br><br>    Defendant and Respondent. | 2d Crim. No. B331873<br>(Super. Ct. No. 2023002342)<br>(Ventura County) |

The Ventura County District Attorney appeals from the trial court's order granting Seta Vui's renewed motion to suppress evidence (Pen. Code,[1] § 1538.5, subd. (i)) and dismissing counts for unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and receiving stolen property (§ 496d, subd. (a)) pursuant to section 995, subdivision (a)(2)).[2]  The district

---

[1] Unlabeled statutory references are to the Penal Code.

[2] The district attorney dismissed four additional charges against Vui.  Those charges are not at issue in this appeal.

attorney contends the suppressed evidence would have been inevitably discovered. We agree, and reverse.

FACTUAL AND PROCEDURAL HISTORY

*The alleged underlying crimes*

In January 2023, a Ventura woman reported her white Honda Civic stolen. The prior night, the woman had encountered an intruder in her home. The keys to her Honda were taken, and the car was gone the next morning.

A few days later, a Somis farmworker saw an intruder on the farm's video surveillance system. She called police while a supervisor went to investigate. The supervisor contacted the intruder—later determined to be Vui—who said that he was waiting for a friend to bring him some gasoline. There was a white car parked nearby.

Ventura County Sheriff's Deputy Juan Guerrero was dispatched to the farm. When he arrived, he saw Vui and a white Honda. Guerrero parked his patrol vehicle, walked toward Vui, and told Vui to stop. Vui did not. Guerrero caught up to him and told him he was being detained.

Vui was uncooperative and attempted to pull away from Guerrero. He tensed his arms and would not allow them to be placed behind his back. Two other deputies arrived on scene and helped Guerrero handcuff Vui. Guerrero then conducted a patdown search and found a key fob in Vui's pocket. He later pressed a button on the fob, which unlocked the nearby Honda.

A few minutes later, another deputy ran a records check on the Honda and learned that it had been reported stolen. Guerrero arrested Vui for vehicular theft. He undertook an inventory search of the Honda and found Vui's identification inside.

2

*The motion to suppress*

Prosecutors charged Vui with unlawfully driving or taking a vehicle, receiving stolen property, and trespassing (§ 602, subd. (m)). They later added resisting arrest (§ 148, subd. (a)(1)) and charges stemming from an unrelated matter.

Prior to the preliminary hearing, Vui moved to suppress the evidence found during the patdown search of his person and the subsequent search of the Honda. At the combined preliminary hearing/hearing on the motion to suppress, Guerrero conceded that he had not formally arrested Vui at the time of the search. He believed, however, that Vui had resisted arrest by that time. He would have arrested Vui for that offense and then searched him if their interaction had ended there. Guerrero also would have run a records check and conducted an inventory search of the Honda had he arrested Vui for resisting arrest.

At the conclusion of the hearing the magistrate denied Vui's motion to suppress:

> "My hang up honestly is the inevitable discovery. I think that the officer—I saw . . . the video. He could have arrested him for a 148 at that point. I do believe he would have patted him down or searched him incident to arrest because he would have placed him in a patrol car.
>
> "He would have also been searching him incident to arrest to see if there's any indicia of other crimes[,] including some kind of theft at the property.
>
> "I also think it's inevitable discover[y] because they would have found the identification [in] the vehicle. He would have been arrested for a 10851. They

3

would have found [the] key incident to that search . . . .

"And the trespass alone, we know he was—that there was probable cause to arrest him for the trespass at that time, and he would have been arrested at that time for the trespass. Again, he would have been searched then incident to arrest.

"So I think the real issue, the hurdle here is getting over the inevitable discovery issues.

"So the motion is denied. The motion to suppress is denied."

The magistrate then held Vui to answer for unlawfully driving or taking a vehicle, receiving stolen property, and resisting arrest.

*The renewed motion to suppress*

Vui renewed his motion to suppress in a section 995 challenge to the magistrate's holding order. Vui argued Guerrero's patdown search was unlawful because there was no evidence he was armed or dangerous, it was not immediately apparent that the Honda key fob was contraband, and he was not lawfully searched incident to arrest. Vui also argued the inevitable discovery doctrine did not apply because there was no evidence that Guerrero would have arrested him.

The trial court agreed with Vui and granted the renewed motion to suppress:

"[W]hat makes this case very interesting is the officer could have charged him with a 148 and put him under . . . arrest for the 148 . . . and he would just be searched incident to arrest. But the officer didn't say

4

that. And that's—he didn't give that as a reason why he did the frisk. He could have, but he didn't.

"Based upon my reading of *In re Jeremiah* [*S.* (2019) 41 Cal.App.5th 299] and its progeny and the order of events, it is hard for the [c]ourt to believe that three officers are in fear of their safety or have a fear of safety when you have an individual already in handcuffs. That is the distinguishing thing that puzzles me here.

"Based upon that, the [c]ourt grants the [1538.5] motion."

The court then granted Vui's section 995 motion and dismissed the charges against him.

## DISCUSSION

### *Standard of review*

The Fourth Amendment protects "against unreasonable searches and seizures" by law enforcement. (U.S. Const., 4th Amend.) Evidence obtained in violation of this guarantee may be suppressed in a subsequent prosecution. (*Mapp v. Ohio* (1961) 367 U.S. 643, 655.)

Ordinarily, when a defendant renews a motion to suppress evidence, the trial court "independently reviews the magistrate's legal conclusion and evaluates any new evidence presented, and we review the court's" ruling. (*People v. Turner* (2017) 13 Cal.App.5th 397, 404.) But where the renewed motion was submitted on the transcript of the combined preliminary hearing/motion to suppress hearing—i.e., no new evidence was presented—"we disregard the findings of the trial court and review the determination of the magistrate who ruled on the initial motion." (*Blakes v. Superior Court* (2021) 72 Cal.App.5th

5

904, 910; see also *Turner*, at p. 404 [appellate court reviews magistrate's findings where no new evidence introduced with renewed motion].) " 'We review the evidence in the light most favorable to the magistrate's ruling and will uphold [their] express or implied findings if supported by substantial evidence.' " (*Blakes*, at p. 910.) " 'The question of whether a search was unreasonable, however, is a question of law.' " (*Ibid.*) " 'On that issue, we exercise "independent judgment." ' " (*Ibid.*)

### Inevitable discovery

The district attorney contends the trial court should have upheld the magistrate's denial of the motion to suppress because the Honda key fob and Vui's identification would have inevitably been discovered. We agree.

"Evidence need not be suppressed if the prosecution can establish by a preponderance of the evidence that the information would inevitably have been discovered by lawful means. [Citations.] As this is essentially a question of fact, we must uphold the [magistrate's] determination if supported by substantial evidence. [Citations.] Deferential review is particularly necessary when, as here, the factual determination depends in part on judging a witness's credibility." (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1040 (*Carpenter*).)

Substantial evidence supports the magistrate's determination that law enforcement would have inevitably discovered the Honda key fob found on Vui's person and his identification found inside the Honda. At the combined preliminary hearing/hearing on the motion to suppress, Guerrero said that he would have arrested Vui for resisting arrest had their interaction ended before the search of Vui's person. There was probable cause for that arrest: Vui was uncooperative and

6

tried to pull away from Guerrero, and then tensed his arms when Guerrero tried to handcuff him. (See, e.g., *In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329 [acts of physical resistance can violate section 148].) Had Guerrero made that arrest he would have been justified in searching Vui. (*United States v. Robinson* (1973) 414 U.S. 218, 235.) That would have led to the discovery of the Honda key fob. Guerrero would have then run a records check and conducted an inventory search on the Honda. That would have led to the discovery of Vui's identification.

Vui counters that "[i]t is difficult to reconcile . . . Guerrero's assertion that he intended to arrest . . . Vui for a violation of [section] 148 with his repeated insistence that . . . Vui was not under arrest at the time the search was conducted." We perceive no such difficulty: Simply because Vui was not under arrest at one point in time does not mean that he would not have been placed under arrest at a later point. (*People v. Salitter* (1976) 55 Cal.App.3d 1046, 1049 [probable cause to arrest not vitiated by officer's additional investigation].) Moreover, the magistrate found Guerrero's testimony about what he would have done credible. We must defer to that finding. (*Carpenter, supra*, 21 Cal.4th at p. 1040.) Our Supreme Court has upheld searches under the inevitable discovery doctrine when similar findings were made. (See, e.g., *People v. Redd* (2010) 48 Cal.4th 691, 721.) We do too.[3]

DISPOSITION

The order granting Vui's renewed motion to suppress evidence, entered July 13, 2023, is reversed, and the matter is remanded to the trial court with directions to deny the renewed

---

[3] Given our conclusion, we do not resolve the district attorney's remaining contentions.

suppression motion and to vacate the order setting aside counts 1 and 2 of the information.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


CODY, J.

8

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, and Thomas Frye, Deputy District Attorney, for Plaintiff and Appellant.

Claudia Y. Bautista, Public Defender, and Thomas M. Hartnett, Deputy Public Defender, for Defendant and Respondent.